IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SHIPPMAN,

      Petitioner,               No. CIV S-11-0561 GGH P

  vs.

K. DICKINSON,

                            ORDER
      Respondent.
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner appears to be challenging the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole, but while he has submitted a copy of the hearing transcript along with exhibits of state court filings and decisions, he has not actually submitted an application pursuant to § 2254 in this court (or at least none was transferred from the Northern District when the case was transferred to this court). Nor has petitioner filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). While after review of the available documents, the court nevertheless concludes this case should be dismissed, at this time with leave to amend due to the facial ambiguity of the operative pleadings, petitioner may take the opportunity to submit an amended petition on a form transmitted by the Clerk of Court. Plaintiff shall also submit the

1

appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

While the undersigned has noted that petitioner does not have an appropriately submitted habeas application before this court, by reviewing the petition for review petitioner submitted to the California Supreme Court, it is unequivocal that the issue raised therein concerned a claim that petitioner's due process rights were violated because the BPH decision was not supported by "some evidence" of current dangerousness. Docket # 1-1, state Supreme Court petition for review, pp. 2, 8-13.

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

1  procedures required are minimal.

2  Swarthout v. Cooke, at *2.

3  Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at *2. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout, at *3. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard. The court's review of the parole parole hearing transcript petitioner has submitted makes clear that petitioner was granted an ample opportunity to speak and was provided a statement of the reasons his parole was denied. The Supreme Court having found that the Constitution requires no more, this case should be dismissed.

However, because the court cannot be certain that plaintiff has had an opportunity to express a claim not subject to the law above, the dismissal will be with leave to amend.

\\\\\

---

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

3

Accordingly, IT IS HEREBY ORDERED that:

1. The attempted petition is dismissed with leave to amend to state a claim in a proper petition within thirty (30) days of the filed date of this order;

2. The Clerk of the Court is to provide petitioner with a copy of the appropriate form for a state prisoner filing a habeas corpus petition (28 U.S.C. § 2254) in this district and a copy of the form for an in forma pauperis affidavit, providing petitioner the opportunity to submit such within the time frame given in (1) above.

DATED: March 21, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
ship0561.scr